**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY KENNEDY, | ) | CASE NO. 1:10-cv-01941 GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON |
| v. | ) ) | WHICH RELIEF MAY BE GRANTED |
| OFFICER PORTER, et al., | ) | (ECF No. 1) |
| Defendants. | ) ) | |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Plaintiff's Claim

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Calipatria State Prison. Plaintiff brings this civil rights action against defendant employees of the Kern County Sheriff's Department. The events at issue in this action occurred at the Kern County Sheriff's Department Detention Facility. Plaintiff names the following individual defendants: Officer Porter; Warden John Doe; Sergeant John Doe; Lieutenant John Doe; Head of Department John Doe. Plaintiff claims that, while housed in the Kern County Detention Facility, he was subjected to discrimination based upon race.

Plaintiff, who is Hispanic, was housed in the Kern County Detention Facility in March of 2008. The events that give rise to this lawsuit occurred between March and May of 2008. Plaintiff was housed in the Max-Med Facility, cell 1-03. Plaintiff was housed with three other inmates, one

Black and two Hispanic. Two days later, one of the Hispanic inmates was released. That evening, a Black inmate was released onto Plaintiff's tier. Plaintiff alleges that his cell was the only cell with room for another inmate. Plaintiff alleges that, "for some reason," Defendant Porter directed another Hispanic inmate to move from cell 1-06 to Plaintiff's cell, 1-03. The Black inmate was placed in cell 1-06. Two other inmates were sent from pretrial to the Max-Med facility where Plaintiff was housed, one Black and one Hispanic. Cell 1-102, occupied by Hispanics, received the Black inmate and cell 1-103, occupied by Black inmates, received the Hispanic inmate. Plaintiff alleges that the moves failed to constitute "equally dividing up races." Plaintiff alleges that he "feels racially discriminated." (Compl. ¶ 4.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a protected class. See, e.g. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must show that the defendants' actions were a result of Plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). "Prisoners are protected under the Equal Protection Clause from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Here, Plaintiff fails to allege any facts to support an equal protection claim. That Plaintiff may "feel" discriminated against because inmates of differing races were moved in and out of different cells does not, of itself, constitute discrimination. There is no constitutional requirement for "equally dividing up races." Plaintiff does not allege that he was treated differently from any similarly situated person. Nor, consistent with the facts alleged, could he make such an allegation in support of a claim of equal protection violation. Therefore, this claim must be dismissed. The Court finds that Plaintiff cannot cure this defect by amendment. Plaintiff's central claim is that the cells in his unit were not equally divided based upon race. Accepting as true all of Plaintiff's allegations, he fails to state a claim for relief. Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court will dismiss this action, with prejudice, for

failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief could be granted.  The Clerk is directed to close this case.
2. This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 24, 2011**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

4